IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
MISSISSIPPI, NORTHERN DIVISION



ALAN CRANCER      PLAINTIFF

V.      CAUSE NO: 3:17-cv-94 DPJ-FKB

BEAR CREEK WATER ASSOCIATION      DEFENDANTS

## COMPLAINT
## JURY TRIAL DEMAMDED

COMES NOW, Alan Crancer (hereinafter "Crancer"), by and through undersigned Counsel, and makes this, his Complaint against Bear Creek Water Association, and would show unto the Court the following, to wit:

### PARTIES

1. Plaintiff, Alan Crancer is a resident citizen of the state of Arkansas who may be contacted through undersigned counsel.

2. Defendant, Bear Creek Water Association (hereinafter "Bear Creek") is a non-profit corporation organized under the laws of the state of Mississippi who may be served with process through its registered agent Nolan P. Williamson at 301 Distribution Drive, Madison, MS 39110.

### JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court as the parties are completely diverse, wherein Crancer is an Arkansas resident and Defendant is a Mississippi corporation. Plaintiff's damages, as enumerated herein, exceed $75,001.

4. Venue is proper because Defendant's business is centered in Madison, Mississippi.

## FACTUAL ALLEGATIONS

5. Crancer owns a home located at 116 Muscadine Hill, Madison, Mississippi.

6. During the spring of 2016, Mr. Crancer relocated to Arkansas for work, and put his Madison home on the market.

7. Mr. Crancer located a buyer for his home, and by June of 2016 Mr. Crancer's home was to be closed on and purchased.

8. During this time the water was turned off to Mr. Crancer's home.

9. A home inspection was scheduled for May 17, 2016 with the prospective buyer who had agreed to purchase the home.

10. On May 17, 2016 Mr. Crancer learned that his home had been flooded.

11. Mr. Crancer's son had gone to Madison on behalf of his father to turn on the water and open the house for the inspector. Before turning on the water, Mr. Crancer's son went to the house and discovered the flooding, which he conveyed to his father.

12. Upon investigation, Mr. Crancer learned that Bear Creek, without his authorization, had turned the water on to his Madison home which caused the house to flood.

13. Mr. Crancer did not authorize the water to be turned on, nor did Bear Creek have a reasonable basis on which to turn the water on.

14. As a result of Bear Creek's actions and subsequent flooding, Mr. Crancer was unable to sell his home as the buyer terminated the sale contract because of the damage to the house caused by the flooding.

15. Additionally, Crancer has been forced to pay interest and fees on a home he does not live in, and a home which would have been sold in June of 2016.

16. Due to Mr. Crancer's inability to sell his home, he has been financially disabled, and his credit has been damaged.

## COUNT I - NEGLIGENCE

17. Crancer hereby adopts all previously stated paragraphs as though fully restated herein.

18. Bear Creek had a duty to ensure that its actions did not cause damage to Crancer.

19. By turning on the water to Crancer's home, without Crancer's knowledge or consent, Bear Creek caused Crancer to incur substantial damages.

20. It is reasonably foreseeable that a home could flood where the water is turned on without the homeowner's knowledge or consent.

## COUNT II – BREACH OF CONTRACT

21. Crancer hereby adopts all previously stated paragraphs as though fully restated herein.

22. Crancer entered into an agreement with Bear Creek regarding the water service to his home.

23. Crancer is not in possession of a copy of this agreement, but upon information and belief, Bear Creek violated the terms of the agreement and has caused Crancer substantial damage as a result.

## DAMAGES

24. As a result of Defendant's negligence, Crancer has been unable to sell his home which was previously valued in excess of $305,000.

25. Now that the home has been flooded, the value of the home is greatly diminished.

26. Because the flooding must be disclosed to any potential home buyer, Crancer has not received any further offers to buy his home.

27. Property damage to the home totals in excess of $15,000.

28. Crancer's credit history and financial stability have been damaged as a result of the mortgage on the home.

29. Crancer has incurred interest and fees on the home since June 2016 which Crancer would not have otherwise incurred had Bear Creek's negligence not caused the home buyer to terminate their purchase of Crancer's home.

30. Crancer has suffered emotional distress, anxiety, worry, and loss of enjoyment of life as a result of Bear Creek's negligence.

31. Defendant's actions are outrageous and egregious such the punitive damages should be imposed. Crancer's damages are a reasonably foreseeable result of flooding Crancer's home.

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Assume jurisdiction over this action;

3. Award appropriate equitable relief including but not limited to prospective injunctive relief, declaratory and other injunctive remedies;

4. Award Plaintiff nominal and actual damages for Defendant's actions and omissions;

5. Award Plaintiff compensatory damages, including, but not limited to, those for past and future pecuniary and non-pecuniary losses, emotional distress, suffering, loss of reputation, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

6. Punitive damages for all claims allowed by law in an amount to be determined at trial;

7. Pre-judgment and post-judgment interest at the highest lawful rate;

8. Award *Veasley* damages, including but not limited to Plaintiffs' costs of litigation, including reasonable attorney's fees and expenses;

9. Grant such other relief to which Plaintiff may be entitled or as this Court deems necessary and proper.

RESPECTFULLY SUBMITTED this the 6th day of February, 2017.

ALAN CRANCER
PLAINTIFF

_____
DANIEL M. WAIDE, MSB #103543

Daniel M Waide, MS Bar #103543
Johnson, Ratliff & Waide, PLLC
1300 Hardy Street
Hattiesburg, MS 39401
T: (601) 582-4553
F: (601) 582-4556
dwaide@jrhlaw.net