UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ALAN CRANCER                                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:17-CV-94-DPJ-FKB

BEAR CREEK WATER ASSOCIATION
AND HOPE POOLE                                                                              DEFENDANTS

ORDER

Plaintiff Alan Crancer seeks summary judgment [38] on Defendant Hope Poole's counterclaim. For the reasons that follow, Crancer's motion is granted.

I.   Background

This case concerns flood damage to Crancer's house that occurred after Poole signed a contingent contract to purchase the home. The water service to the home had been disconnected at some point, but Poole needed it turned back on for the home inspection. Poole contacted Defendant Bear Creek Water Association ("Bear Creek") to restore the service, and, predictably, the house flooded. Poole then withdrew her offer to purchase citing "a foundation issue with the house." Poole Dep. [50-2] at 27.

Based on these events, Crancer sued both Bear Creek and Poole. Compl. [1]. Poole then responded with an Answer/Counterclaim against Crancer, saying his negligence and breach of contract prevented her from purchasing the house. Answer/Countercl. [21] ¶¶ 7–10. Crancer now seeks summary judgment regarding the counterclaim. Pl.'s Mot. [38]. The issues have been briefed, and the Court has subject-matter and personal jurisdiction.

II.  Standard

Summary judgment is warranted under Federal Rule of Civil Procedure 56(a) when evidence reveals no genuine dispute regarding any material fact and that the moving party is

entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

III. Analysis

As a threshold matter, the parties' summary-judgment briefs offer conflicting views of Poole's counterclaim. Poole pleaded her claims as follows:

> 5. Pursuant to said "RISK OF LOSS" provision, Crancer specifically assumed the risk of any loss to the Property occurring prior to any closing under said Contract and had a duty to Poole to secure and maintain, at all times prior to closing, proper insurance against fire and extended coverage risks.[1]
>
> 6. Said Contract, under the provision entitled "PROPERTY CONDITION, INSPECTION AND ACCEPTANCE OF PROPERTY," contained Crancer's promise and obligation *to deliver the Property in good repair* at the time of closing. Crancer owed to Poole a duty to deliver said Property to Poole at closing, together with all improvements, in as good a condition at closing as they were on April 1, 2016, being the effective date of the Contract.
>
> 7. Crancer negligently or willfully failed to perform his obligations under said Contract.
>
> 8. Crancer negligently or willfully permitted or caused the Property to suffer water damage on or about May 17, 2016.
>
> 9. Crancer, by his actions or inactions, breached said Contract.
>
> 10. *As a result* of Crancer's breach of the Contract, *Poole was precluded from purchasing the Property*, thus denying her the benefit of the Contract.

Answer/Countercl. [21] ¶¶ 5−10 (emphasis and footnote added).

Crancer construes these averments as claims that he caused the water damage and breached the contract by failing to deliver the home in good condition. *See* Pl.'s Mot.

---

[1] There is no factual allegation that Crancer failed to insure the property.

2

[38]. Accordingly, he seeks summary judgment on those claims. Poole, however, ignores that construction and instead says she "is asserting that Crancer's breach of [c]ontract consists of his action in suing her for damages he contractually promised to assume the risk of and insure against." Pl.'s Mem. [50] at 5. She sees her counterclaim as asserting common-law and contractual rights to indemnity. *Id.* at 4.

The Court finds that the counterclaim does include the claims for which Crancer seeks summary judgment. And because Poole neither acknowledges nor addresses those claims, Crancer's motion is granted. *See Hensley v. Wal-Mart Stores Inc.*, 290 F. App'x 742, 743–44 (5th Cir. 2008) ("This court has consistently held that arguments not raised in response to a motion for summary judgment are waived and cannot be considered on appeal."). Regardless, Poole has not rebutted the merits of Crancer's motion. *See* Fed. R. Civ. P. 56(c).

The question then becomes whether Poole actually pleaded the indemnity theories she defended in her summary-judgment response. Counterclaims are governed by Federal Rule of Civil Procedure 8(a). *Muttathottil v. Gordon H. Mansfield*, 381 F. App'x 454, 457 (5th Cir. 2010). So Poole was required to provide "a short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a). Yet Poole never avers in her counterclaim that Crancer had a contractual or common-law duty to indemnify; that he breached it by suing Poole; or that Poole suffered resulting damages. *See generally* Answer/Countercl. [21]. In fact, she never uses the word indemnity at all, and the only damage she alleges is that the sale fell through—i.e., not the litigation-related damages she addresses in her response. The Court therefore finds that the

3

counterclaim reflects only the theory Crancer addressed in his motion. Poole did not plead the claims she now asserts.

This conclusion raises an issue neither party has addressed—whether the Court must construe Poole's response as a motion to amend. The Fifth Circuit has often held that "[a] claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990)); *see also Johnson v. Thibodaux City*, No. 17-30088, 2018 WL 1804756, at *6−7 (5th Cir. April 17, 2018) ("[P]laintiffs may not defeat summary judgment on the basis of a theory found nowhere in their complaint."). But other Fifth Circuit cases say such responses should be viewed as motions to amend. *See, e.g.*, *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008) (collecting cases); *Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir. 1972) (determining that new allegation raised in summary-judgment response should have been construed as an amendment to the original complaint).

Here, the Court will not construe Poole's summary-judgment response as a motion to amend. First, Poole has not sought that relief. Second, assuming the Court could view the response as a tacit motion to amend, "[a] response to a motion may not include a counter-motion in the same document." L.U. Civ. R. 7(b)(3)(C). Third, even if Poole had actually filed a separate motion, she otherwise failed to attach a proposed amended pleading. *See* L.U. Civ. R. 7(b)(2) ("If leave of court is required under Fed. R. Civ. P. 15, a proposed amended pleading must be an exhibit to a motion for leave to file the pleading."). Finally, the deadline to amend passed many months ago. For these reasons, the Court will not *sua sponte* infer a motion that was never made.

The only other issue is Crancer's requests for sanctions. In his initial motion, Crancer sought sanctions from Poole for filing a frivolous counterclaim. In his reply, Crancer sought additional sanctions because Poole allegedly filed a "sham" affidavit. Even assuming these motions had some merit, they are procedurally moribund and therefore denied.

As to the first request, Federal Rule of Civil Procedure 11(c)(2) states, "A motion for sanctions must be made separately from any other motion." In addition, "the motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *Id.* These procedures require strict compliance. *See In re Pratt*, 524 F.3d 580, 588 (5th Cir. 2008) ("[W]e have continually held that compliance with Rule 11 is mandatory."). As for the request for sanctions in Crancer's reply, a prayer for relief "must be presented by a motion." L.U. Civ. R. 7(b). Legal briefs do not count. Finally, "[i]t is the practice of . . . the district courts to refuse to consider arguments raised for the first time in reply briefs." *Gillaspy v. Dall. Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008) (citation omitted). For all these reasons, the Court denies Crancer's requests for sanctions.

IV.   Conclusion

The Court has considered all the parties' arguments. Those not specifically addressed would not have changed the outcome.[2] Accordingly, the Court grants Crancer's Motion for Summary Judgment [38] and dismisses Poole's counterclaim.

**SO ORDERED AND ADJUDGED** this the 26th day of April, 2018.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] For example, Poole addresses several affirmative defenses Crancer pleaded in his answer to the counterclaim, even though Crancer is not now pursuing those arguments.